**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MBM ENTERTAINMENT, LLC, | : | Case Nos. 14-10991 through |
| MBM DEVELOPMENT, LLC, and | : | 14-10993 (MEW) |
| ALTRIA DEVELOPMENT, LLC, | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| JANINA Y. DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 14-02231 (MEW) |
| | : | |
| M&M DEVELOPER, LLC, MOUSSA | : | |
| YEROUSHALMI, MORAD YEROUSHALMI, | : | |
| and ALTRIA DEVELOPMENT, LLC, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| JANINA Y. DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 14-02386 (MEW) |
| | : | |
| M&M DEVELOPER, LLC, MOUSSA | : | |
| YEROUSHALMI, MORAD YEROUSHALMI, | : | |
| FARZANAH YEROUSHALMI, and MBM | : | |
| DEVELOPMENT, LLC, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| JANINA Y. DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 15-01086 (MEW) |
| | : | |
| M&M DEVELOPER, LLC, MOUSSA | : | |
| YEROUSHALMI, MORAD YEROUSHALMI, | : | |
| FARZANEH YEROUSHALMI, MBM | : | |
| DEVELOPMENT, LLC and MBM | : | |
| ENTERTAINMENT, LLC, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------x

A P P E A R A N C E S :

ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK PC
*Counsel for the Debtors*
  By:  Fred B. Ringel, Esq.
875 Third Avenue
New York, NY 10022

A.R. SOLEIL & COMPANY, P.C.
*Counsel for Plaintiff Janina Y. Davis*
  By:  Andre R. Soleil, Esq.
167 Park Avenue
Brooklyn, NY 11205

<u>**DECISION REGARDING PREJUDGMENT INTEREST**</u>

On May 27, 2015, this Court entered an Order (ECF Doc. 26) directing the parties to

make additional submissions regarding the calculation of prejudgment interest on damages

awarded in the Memorandum Opinion (ECF Doc. 25).  The parties submitted responses on June

2, 2015 (ECF Docs. 29, 30) and the Court heard argument on June 3, 2015.

    **I.**       **Prejudgment Interest Awarded**

Section 5001(a) of the New York Civil Practice Law and Rules ("CPLR") provides that

prejudgment interest is to be awarded in the following actions:

> Interest shall be recovered upon a sum awarded because of a breach of
> performance of a contract, or because of an act or omission depriving or
> otherwise interfering with title to, or possession or enjoyment of, property,
> except that in an action of an equitable nature, interest and the rate and date
> from which it shall be computed shall be in the court's discretion.

The policy behind this provision is that "[i]nterest must be added if we are to make the plaintiff

whole."  *Spector v. Mermelstein*, 485 F.2d 474, 482 (2d Cir. N.Y. 1973) (quoting *Prager v. New

Jersey Fid. & Plate Glass Ins. Co.,* 245 N.Y. 1, 5-6 (1927)).

Contrary to Defendants' assertions, the Second Circuit has made it clear that prejudgment

interest under § 5001(a) is mandatory in non-equitable contract and property cases.  *See Ariz.

Premium Fin. Co. v. Emplrs Ins. of Wausau,* 586 Fed. Appx. 713, 717 (2d Cir. 2014) ("[T]his

Court and the New York Court of Appeals have repeatedly reiterated the mandatory nature of prejudgment interest under § 5001(a) in non-equitable contract and property cases."); *Spector,* 485 F.2d at 482. This Court may not suspend or disallow prejudgment interest based on the delay of either party in prosecuting their actions. *See id.* "[I]n prejudgment situations it would place an extremely difficult burden on the parties and on the court to allocate delay as between the plaintiff, the defendant and the court." *Spector*, 485 F.2d at 483.

Section 5004 of the New York CPLR provides that the rate of interest on a money judgment is 9% per year except where otherwise provided for by statute. Each of the parties, in their written submissions, argued that the 9% interest rate should apply in calculating prejudgment interest on the money judgments awarded by the Court, rather than the significantly lower federal interest rate. *See also Pereira v. Marshall & Sterling, Inc (In re Payroll Express Corp.),*2005 Bankr. LEXIS 3147, *6-7 (Bankr. S.D.N.Y. July 28, 2005) ("State law is applicable to questions of prejudgment interest on claims arising out of or based on State law, even where the action was brought in Federal court pursuant to the court's exclusive jurisdiction."); *Strobl v. New York Mercantile Exchange*, 590 F. Supp. 875, 881 (S.D.N.Y. 1984) (applying the 9% interest rate to claims based on New York common law). The Court will therefore apply a 9% interest rate to the prejudgment interest calculations.

## II.    Interest Calculations Following Debtors' Petitions

The Debtors' Plan of Reorganization (as modified) provided that interest on unsecured claims would accrue at the federal judgment rate. However, the Memorandum Opinion held that the Debtors and M&M Developer (a non-Debtor) would be jointly and severally liable for the amount owed to Davis. The Debtors acknowledged during the confirmation hearing that it made no sense for M&M Developer to owe interest at a different rate than the Debtors, since the Memorandum Opinion said differences between the Debtors and M&M Developer should be

ignored insofar as Davis is concerned. In order to eliminate any question as to whether Davis's

claim is impaired or not, the Debtors agreed to modify their plan so that Davis's allowed claim

against the Debtors would be equal to the amount of her judgment against M&M Developer,

including prejudgment and post-judgment interest. That modification is being incorporated into

the confirmation order that is being entered this same date.

### III.    Calculation of Interest

New York CPLR § 5001(b) sets forth the date upon which interest is to be calculated in

actions for breach of contract and interference with property:

> Date from which computed. Interest shall be computed from the earliest
> ascertainable date the cause of action existed, except that interest upon
> damages incurred thereafter shall be computed from the date incurred.
> Where such damages were incurred at various times, interest shall be
> computed upon each item from the date it was incurred or upon all of the
> damages from a single reasonable intermediate date.

"New York law leaves to the discretion of the court the choice of whether to calculate

prejudgment interest based upon the date when damages were incurred or 'a single reasonable

intermediate date,' which can be used to simplify the calculation." *Marfia v. T.C. Ziraat

Bankasi,* 147 F.3d 83, 91 (2d Cir. 1998). In some cases where damages were incurred on a

variety of dates, courts have calculated prejudgment interest based on each date damages were

incurred, rather than on a single intermediate date. *See, e.g., id.* at 91 ("We hold that the district

court did not abuse its discretion under New York law in choosing to calculate prejudgment

interest on the damages as they accrued on a monthly basis, rather than assuming equal annual

payments or a single payment made at an intermediate point."); *Matter of Kummer*, 461

N.Y.S.2d 845, 875 (App. Div. 2d Dept. 1983) ("Although calculating interest on each individual

payment of medical assistance might involve a long account, we see no need to make interest run

from a single intermediate date.").

4

In other cases, courts have determined prejudgment interest by finding the midpoint between when damages were first incurred and when damages ceased to incur as the "single reasonable intermediate date." *See, e.g., Jattan v. Queens College of City University of New York,* 883 N.Y.S.2d 110 (App. Div. 2d Dept. 2009) (holding, in an unlawful termination case seeking backpay, that the intermediate date was the date halfway between the date the plaintiff was first deprived of a paycheck and the date of the verdict); *Pozament Corp. v. AES Westover, LLC,* 857 N.Y.S.2d 766 (App. Div. 3d Dept. 2008) (holding, in a breach of contract action, that the trial court did not abuse its discretion in computing prejudgment interest from the halfway point between the time that the plaintiff initially began to incur damages due to the defendant's breach and the time that the plaintiff ceased to incur damages due to the expiration of the contract); *U.S. Fidelity and Guar. Co. v. Braspetro Oil Services Co.,* 369 F.3d 34 (2d Cir. 2004) (affirming the district court's use of a "chronological midpoint" to determine prejudgment interest in a breach of contract case).

Here, the Court believes it is appropriate to calculate prejudgment interest on each payment as it became due, rather than based on a single intermediate date.

In the Memorandum Opinion, the Court held that the Debtors and M&M Developer jointly owe a remaining contractual obligation to Davis in the amount of $435,000.  In particular, it found that $35,000 of payments were due on or after May 2007 on the schedule set forth in the January 2007 Agreement, and the remaining $400,000 came due on February 1, 2008.  The Court also held that Altria is entitled to damages of $74,100 from Davis for her unlawful occupancy of the Clinton Property for the dates of May 1, 2014 to June 1, 2015, after which time Davis must pay $5,700 per month for each month until she relinquishes full possession and control of all units in the Clinton Property to Altria.   Amounts owed by Davis to Altria should

be offset against amounts owed by Altria to Davis; the result is that there is always a balance

owed to Davis during the relevant time period, though the amount changes after May 1, 2014.

The total accrued net judgment in favor of Davis against Altria and M&M Developer as of June

19, 2015 is $644,217.89, representing unpaid principal of $355,200.00 and accrued prejudgment

interest of $289,017.89, calculated as set forth in Schedule A.

In addition, the Court found that Morad and Farzaneh Yeroushalmi, non-Debtor

defendants, are entitled to a damage claim for unpaid rent against Davis in the amount of

$121,600.  These damages stem from Davis's unlawful occupancy of the Clinton Property for the

dates July 1, 2012 to April 1, 2014.  The damages were incurred on a monthly basis in the

amounts specified in the Memorandum Opinion and it is appropriate to calculate interest from

and after the dates when damages were incurred.  The total accrued judgment in favor of Morad

and Farzaneh Yeroushalmi as of June 19, 2015 is $144,187.93, representing unpaid principal of

$121,600 and accrued prejudgment interest of $22,587.93, calculated as set forth in Schedule B.

## CONCLUSION

For the reasons stated above, Davis is entitled to a total allowed claim against the Debtors

and a judgment against M&M Developer as of June 19, 2015 in the amount of $644,217.89, and

Morad and Farzaneh Yeroushalmi are entitled to a total judgment against Davis as of June 19,

2015 in the amount of $144,187.93.

Dated: New York, New York
        June 19, 2015


                                    s/Michael E. Wiles
                                    UNITED STATES BANKRUPTCY JUDGE

## Schedule A - Interest Accruals on Davis Claims

| Date | Increase or Decrease to Principal | Total | Days to Next Event | Interest Per Day | Interest for Period | Total Accrued interest |
|---|---|---|---|---|---|---|
| 6/23/2007 | $5,000.00 | $5,000.00 | 30 | $1.232877 | $36.99 | $36.99 |
| 7/23/2007 | $5,000.00 | $10,000.00 | 31 | $2.465753 | $76.44 | $113.42 |
| 8/23/2007 | $5,000.00 | $15,000.00 | 31 | $3.698630 | $114.66 | $228.08 |
| 9/23/2007 | $5,000.00 | $20,000.00 | 30 | $4.931507 | $147.95 | $376.03 |
| 10/23/2007 | $5,000.00 | $25,000.00 | 31 | $6.164384 | $191.10 | $567.12 |
| 11/23/2007 | $5,000.00 | $30,000.00 | 30 | $7.397260 | $221.92 | $789.04 |
| 12/23/2007 | $5,000.00 | $35,000.00 | 9 | $8.630137 | $77.67 | $866.71 |
| 1/1/2008 | $400,000.00 | $435,000.00 | 2289 | $107.260274 | $245,518.77 | $246,385.48 |
| 4/8/2014 | $0.00 | $435,000.00 | 23 | $107.260274 | $2,466.99 | $248,852.47 |
| 5/1/2014 | ($5,700.00) | $429,300.00 | 31 | $105.854795 | $3,281.50 | $252,133.96 |
| 6/1/2014 | ($5,700.00) | $423,600.00 | 30 | $104.449315 | $3,133.48 | $255,267.44 |
| 7/1/2014 | ($5,700.00) | $417,900.00 | 31 | $103.043836 | $3,194.36 | $258,461.80 |
| 8/1/2014 | ($5,700.00) | $412,200.00 | 31 | $101.638356 | $3,150.79 | $261,612.59 |
| 9/1/2014 | ($5,700.00) | $406,500.00 | 30 | $100.232877 | $3,006.99 | $264,619.58 |
| 10/1/2014 | ($5,700.00) | $400,800.00 | 31 | $98.827397 | $3,063.65 | $267,683.23 |
| 11/1/2014 | ($5,700.00) | $395,100.00 | 30 | $97.421918 | $2,922.66 | $270,605.88 |
| 12/1/2014 | ($5,700.00) | $389,400.00 | 31 | $96.016438 | $2,976.51 | $273,582.39 |
| 1/1/2015 | ($5,700.00) | $383,700.00 | 31 | $94.610959 | $2,932.94 | $276,515.33 |
| 2/1/2015 | ($5,700.00) | $378,000.00 | 28 | $93.205479 | $2,609.75 | $279,125.09 |
| 3/1/2015 | ($5,700.00) | $372,300.00 | 31 | $91.800000 | $2,845.80 | $281,970.89 |
| 4/1/2015 | ($5,700.00) | $366,600.00 | 30 | $90.394521 | $2,711.84 | $284,682.72 |
| 5/1/2015 | ($5,700.00) | $360,900.00 | 31 | $88.989041 | $2,758.66 | $287,441.38 |
| 6/1/2015 | ($5,700.00) | $355,200.00 | 18 | $87.583562 | $1,576.50 | $289,017.89 |
| 6/19/2015 | | $355,200.00 | | | | |

## Schedule B - Interest Accruals on Yeroushalmi Judgment

| Date | Amount | Total | Days to Next Event | Interest Per Day | Interest for Period | Total Accrued interest |
|------|--------|-------|--------------------|------------------|---------------------|------------------------|
| 7/1/2012 | $3,800.00 | $3,800.00 | 31 | $0.936986 | $29.05 | $29.05 |
| 8/1/2012 | $3,800.00 | $7,600.00 | 31 | $1.873973 | $58.09 | $87.14 |
| 9/1/2012 | $5,700.00 | $13,300.00 | 30 | $3.279452 | $98.38 | $185.52 |
| 10/1/2012 | $5,700.00 | $19,000.00 | 31 | $4.684932 | $145.23 | $330.76 |
| 11/1/2012 | $5,700.00 | $24,700.00 | 30 | $6.090411 | $182.71 | $513.47 |
| 12/1/2012 | $5,700.00 | $30,400.00 | 31 | $7.495890 | $232.37 | $745.84 |
| 1/1/2013 | $5,700.00 | $36,100.00 | 31 | $8.901370 | $275.94 | $1,021.78 |
| 2/1/2013 | $5,700.00 | $41,800.00 | 28 | $10.306849 | $288.59 | $1,310.38 |
| 3/1/2013 | $5,700.00 | $47,500.00 | 31 | $11.712329 | $363.08 | $1,673.46 |
| 4/1/2013 | $5,700.00 | $53,200.00 | 30 | $13.117808 | $393.53 | $2,066.99 |
| 5/1/2013 | $5,700.00 | $58,900.00 | 31 | $14.523288 | $450.22 | $2,517.21 |
| 6/1/2013 | $5,700.00 | $64,600.00 | 30 | $15.928767 | $477.86 | $2,995.08 |
| 7/1/2013 | $5,700.00 | $70,300.00 | 31 | $17.334247 | $537.36 | $3,532.44 |
| 8/1/2013 | $5,700.00 | $76,000.00 | 31 | $18.739726 | $580.93 | $4,113.37 |
| 9/1/2013 | $5,700.00 | $81,700.00 | 30 | $20.145205 | $604.36 | $4,717.73 |
| 10/1/2013 | $5,700.00 | $87,400.00 | 31 | $21.550685 | $668.07 | $5,385.80 |
| 11/1/2013 | $5,700.00 | $93,100.00 | 30 | $22.956164 | $688.68 | $6,074.48 |
| 12/1/2013 | $5,700.00 | $98,800.00 | 31 | $24.361644 | $755.21 | $6,829.69 |
| 1/1/2014 | $5,700.00 | $104,500.00 | 31 | $25.767123 | $798.78 | $7,628.47 |
| 2/1/2014 | $5,700.00 | $110,200.00 | 28 | $27.172603 | $760.83 | $8,389.31 |
| 3/1/2014 | $5,700.00 | $115,900.00 | 31 | $28.578082 | $885.92 | $9,275.23 |
| 4/1/2014 | $5,700.00 | $121,600.00 | 444 | $29.983562 | $13,312.70 | $22,587.93 |
| 6/19/2015 | | | | | | |